IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

    Plaintiff,                    No. CIV S-06-0397 MCE JFM PS

    vs.

RON BARBOSA, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

Before bringing a Title VII action in federal court, a plaintiff must first exhaust administrative remedies by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC").  See <u>E.E.O.C. v. Farmer Bros. Co.</u>, 31 F.3d 891, 899 (9th Cir.1994).[1] This charge must be filed within 180 days of the last discriminatory act (or within 300 days in a state, such as California, which has its own anti-discrimination laws and agency).  See  42 U.S.C. § 2000e-1.  The district court complaint must be filed within 90 days of receipt of a Right-to-Sue Letter from the EEOC.  See <u>id.</u> § 2000e-5(f)(1).  The scope of the district court's jurisdiction is limited by the allegations contained in the EEOC charge and the EEOC investigation.  See <u>Farmer Bros. Co.</u>  31 F. 3d at 891.

Here, plaintiff has not alleged he filed a complaint with EEOC, nor appended a right to sue letter from the EEOC.  This requirement is jurisdictional; plaintiff may not proceed herein without obtaining said letter from the EEOC.  Plaintiff will be granted leave to file an

---

[1] This requirement is subject to waiver, estoppel, and equitable tolling.  See <u>Zipes v. Trans World Airlines</u>, 455 U.S. 385, 398 (1982)

amended complaint to demonstrate he has exhausted his administrative remedies.  However, plaintiff is cautioned that if he cannot, this court will be required to issue findings and recommendations recommending this action be dismissed for lack of jurisdiction.

Moreover, in addition to his 34 page complaint, plaintiff has filed a 39 page memorandum of points and authorities, a 10 page memorandum of points and authorities, and 35 pages of exhibits with an index.  Plaintiff is advised that his complaint must be complete in itself.  Plaintiff is not required to cite legal authority or quote cases in support of his allegations.  Plaintiff need only provide a short and plain statement of his claims with sufficient factual support to give defendants adequate notice of his allegations.  Plaintiff need not recite every fact in support of his claim nor provide points and authorities in support of his position.  Such briefing will be required later, once dispositive motions have been filed.

Finally, plaintiff is advised that individual defendants are not personally liable under Title VII.  Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir.1993).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil

/////

1  Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted
2  in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).
3         In addition, plaintiff is informed that the court cannot refer to a prior pleading in
4  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
5  amended complaint be complete in itself without reference to any prior pleading.  This is
6  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
7  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
8  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
9  original complaint, each claim and the involvement of each defendant must be sufficiently
10 alleged.
11        In accordance with the above, IT IS HEREBY ORDERED that:
12        1.  Plaintiff's request to proceed in forma pauperis is granted;
13        2.  Plaintiff's complaint is dismissed; and
14        3.  Plaintiff is granted thirty days from the date of service of this order to file an
15 amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,
16 and the Local Rules of Practice; the amended complaint must bear the docket number assigned
17 this case and must be labeled "Amended Complaint"; plaintiff must file an original and two
18 copies of the amended complaint; failure to file an amended complaint in accordance with this
19 order will result in a recommendation that this action be dismissed.
20 DATED:  May 11, 2006.

UNITED STATES MAGISTRATE JUDGE

/001;whitsitt.lta

4