IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

        Plaintiff,                        No. CIV S-06-0397 MCE JFM PS

    vs.

RON BARBOSA, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. By order filed May 12, 2006, plaintiff's complaint was dismissed and plaintiff was granted thirty days in which to file an amended complaint that complies with this court's Local Rules and the Federal Rules of Civil Procedure. Plaintiff has now filed a first amended complaint.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Before addressing the substance of the first amended complaint plaintiff is advised that a copy of his right to sue letter from the EEOC is on file in this proceeding.  Further, while individuals may be held individually liable for retaliation under the California Fair Employment and Housing Act (FEHA), individual employees may not be held individually liable for retaliation under Title VII,. Miller, 991 F.2d 587-88 (stating Title VII "statutory scheme itself indicates that Congress did not intend to impose individual liability on employees"); Ostrach v. Regents of the University of California, 957 F. Supp. 196, 200 (applying Miller in an ADA context); Stern v. California State Archives, 982 F. Supp. 690, 692 (E.D. Cal. 1997)(also applying Miller in an ADA context).

Plaintiff's first amended complaint was filed in a different format from his original complaint.  The first amended complaint was broken into three separate sections, each with a caption and title "First Amended Complaint" with varying subtitles beneath, each of which the clerk's office individually file stamped.  Plaintiff is advised that he need not file separate parts in this way; the second amended complaint should have one title page with the caption.  All of plaintiff's causes of action should be set forth in one continuous document

1  thereafter.[1]  This will avoid the risk of having one of the parts filed and opened as a new action

2  and will assist defendants in filing their responsive pleading.

3         Plaintiff contends that the amended complaint does not supersede the original

4  complaint but argues it becomes part of the original complaint.  (Am. Complt. at 3, citing

5  Schreiber Distrib. Co. v. Serve - Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).[2])

6  Plaintiff added, "The Original Complaint will be part of the Pleadings, and that is [the] way it is

7  going to be.  I demand as a matter of right and rule that my original complaint is part of

8  complaint and along with amended complaint."  Id.

9         Plaintiff's objection to this court's finding that an amended complaint supersedes

10 the original complaint is overruled.  Local Rule 15-220 states:

11        As used in this Local Rule, the term "changed pleadings"
shall refer to amended and supplemental pleadings permitted and
12 filed pursuant to Fed. R. Civ. P. 15.

13        Unless prior approval to the contrary is obtained from the
Court, every pleading to which an amendment or supplement is
14 permitted as a matter of right or has been allowed by Court order
shall be retyped and filed so that it is complete in itself without
15 reference to the prior or superseded pleading.  No pleading shall be
deemed supplemented until this Rule has been complied with.  All
16 changed pleadings shall contain copies of all exhibits referred to in
the changed pleading.  Permission may be obtained from the

17 /////

18 /////

19

20    [1] Plaintiff should omit commentary and criticism unrelated to his claims from the body of
the complaint.  Objections and or requests for court action are more appropriately raised in a
21 separate motion.  See Fed. R. Civ. P. 7(b).

22    [2] The Schreiber court held that (1) plaintiff sufficiently alleged that corporate defendants
were beneficiaries of pattern of racketeering activity to state claims under RICO; (2) plaintiff's
23 allegations were insufficient to state pattern of racketeering activity necessary to support civil
RICO claim; (3) plaintiff sufficiently alleged mail and wire fraud necessary to support civil RICO
24 claim; (4) plaintiff failed to plead circumstances of competitors' alleged acts of mail and wire
fraud with sufficient specificity; but (5) dismissing plaintiff's claims with prejudice was abuse of
25 discretion.  Id.  The Schreiber court addressed Fed. R Civ. P. 9(b) and Fed. R. Civ. P. 15(a) on
page 1401, but did not state or hold that an amended complaint becomes part of the original
26 complaint.  Id.

      Court, if desired, for the removal of any exhibit or exhibits attached to prior pleadings, in order that the same may be attached to the changed pleading.[3]

Id. An amended complaint must be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

      Because it is clear that plaintiff intended to incorporate his original complaint with his amended complaint, the first amended complaint will be dismissed with leave to amend so that plaintiff will have the opportunity to incorporate all of his allegations into one document. This rule benefits the parties as well as the court; it allows everyone to refer to one operative document as opposed to multiple documents filed at varying times.

      If plaintiff chooses to amend the complaint, plaintiff is reminded he must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

/////

---

[3] In the instant case, plaintiff's attachment to his original complaint is a memorandum of points and authorities. Although it would be inappropriate to append this to any amended complaint, the court would be inclined to order it appended to any dispositive motion or opposition to a dispositive motion if plaintiff should request it at the time dispositive motions are filed.

4

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: September 18, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

/001;whitsitt.lta2