IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

    Plaintiff,

vs.

RON BARBOSA, et al.,

    Defendants.

/

No. CIV S-06-0397 MCE JFM PS

FINDINGS & RECOMMENDATIONS

    This action was referred to the undersigned pursuant to Local Rule 72-302(c)(21). On March 7, 2007, defendants filed an amended motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), an amended motion to dismiss pursuant to Fed. R. Civ. P. 8 and 10, or in the alternative, a motion for more definite statement pursuant to Fed. R. Civ. P. 12(e), and a motion to strike portions of plaintiff's second amended complaint pursuant to Fed. R Civ. P. 12(f). On April 2, 2007, plaintiff filed an opposition. On April 5, 2007, defendants filed their replies. These motions came on regularly for hearing May 3, 2007. Plaintiff personally appeared in propria persona. Svetlana Vaksberg appeared for defendants. Upon review of the motions and the documents in support and opposition, upon hearing the arguments of plaintiff and counsel and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS:

    In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

(1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 2007 WL 1461066, slip op. at 8 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic</u>, WL 1461066 at 8. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Nietzke v. Williams</u>, 490 U.S. 319, 327 (1989), and construe the pleading in the light most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

1. <u>Exhaustion</u>

       Plaintiff has provided a copy of the Department of Fair Employment & Housing ("FEHA") right-to-sue letter, dated February 10, 2006. In his FEHA complaint, plaintiff levied charges of retaliation and age discrimination under the ADEA against one defendant, Barbosa Cabinets, Inc.

2. <u>Age Discrimination (ADEA)</u>

       Plaintiff alleges age discrimination under the ADEA. "The Age Discrimination in Employment Act ('ADEA'), 29 U.S.C. § 621 et seq., makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). This prohibition applies to "individuals who are at least 40 . . . but less than 70 years of age." 29 U.S.C. § 631(a). See <u>Coleman v. Quaker Oats</u>

Co., 232 F.3d 1271, 1280 (9th Cir. 2000). A plaintiff must first establish a prima facie case of discrimination.[1] Generally, to establish a prima facie case of an ADEA violation, the plaintiff must show he (1) belonged to a protected class; (2) was satisfactorily performing his job or was qualified for hire or promotion; (3) was terminated, rejected for employment, or otherwise subjected to an adverse employment action; and (4) was replaced by a substantially younger employee with equal or inferior qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Alternately, the prima facie case may be based on actual evidence, direct or circumstantial, of discrimination. Schnidrig v. Columbia Machine, Inc., 80 F.3d 1406, 1409 (9th Cir.1996) (citing McDonnell Douglas Corp., 411 U.S. at 802, Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994)).

If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision. Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory." Wallis, 26 F.3d at 889 (citation omitted).

> The requisite degree of proof necessary to establish a prima facie case for . . . ADEA claims . . . is minimal and does not even need to rise to the level of a preponderance of the evidence. The plaintiff need only offer evidence which gives rise to an inference of unlawful discrimination. The amount of evidence that must be produced in order to create a prima facie case is 'very little.' Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee.

Wallis, 26 F.3d 889 (citations and internal quotations omitted).

---

[1] "A plaintiff alleging discrimination under ADEA may proceed under two theories of liability: disparate treatment or disparate impact. Proof of disparate treatment requires a showing that the employer treats some people less favorably than others because of their age. In contrast, discriminatory motive or intent need not be shown under a disparate impact theory, which challenges facially neutral employment practices which have a discriminatory impact. However, under the latter theory the plaintiff must actually prove the discriminatory impact at issue, rather than merely an inference of discriminatory impact." Rose v. Wells Fargo & Co., 902 F.2d 1417, 1421 (9th Cir. 1990) (citations and internal quotations omitted).

Plaintiff contends that defendant Barbosa Cabinets discriminated against plaintiff on the basis of age, requiring him to produce work product at the level of a person half his age, and that his lay off was a mere pretext to enable defendant to retain younger, more productive workers. Plaintiff alleges several statements by defendant Barbosa's employees that they intended to replace plaintiff with a considerably younger worker. See Schnidrig v. Columbia Machine, Inc., 80 F.3d 1406, 1411 (9th Cir. ), cert. denied, 519 U.S. 927 (1996)(defendant's Board told plaintiff on three occasions when he asked to be considered for president that it wanted somebody younger for the job.)  The Supreme Court has held that telling an employee he "was so old [he] must have come over on the Mayflower" and "was too damn old to do [his] job" constituted evidence of age discrimination. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000).

Liberally construing plaintiff's second amended complaint, which this court is required to do, this court finds that plaintiff's allegations, as presently pled, fail to state a claim under the ADEA because he has stated he could not perform the assigned work, thus disproving the second element of his claim. (Second Amended Complaint, at 4.)  It appears plaintiff was seeking preferential treatment with regard to work demands based on plaintiff's age. However, neither the ADEA or California's Fair Employment and Housing Act contemplate preferential treatment; both require that the person must be satisfactorily performing the job. See Cotton v. City of Alameda, 812 F.2d 1245, 1248-50 (9th Cir. 1987).  Accordingly, plaintiff's age discrimination claims must be dismissed for failure to state a claim under the ADEA.

3. Claims Against Individual Defendants

Plaintiff names various individuals as defendants herein.  On May 12, 2006, plaintiff was advised that individual defendants are not personally liable under Title VII. Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir.1993).  Individuals also cannot be held liable for age discrimination or wrongful discharge in violation of public policy as a matter of law.  Miller, 991 F.2d at 587-88; Jacobs v. Universal Development Corp., 53 Cal. App. 4th 692,

4

704 (1997). Plaintiff continues to argue that by sending notices of discrimination or discriminatory acts to particular individuals, they are somehow now liable under a theory of discrimination because they failed to respond. Plaintiff is mistaken.[2] The statute reads:

> (a) *Employer* practices
> It shall be unlawful for an *employer* --
> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; . . .

29 U.S.C. § 623(a) (emphasis added). As a matter of law, only *employers* are subject to litigation under the ADEA. Miller, 991 F.2d at 587-88. Accordingly, this action may proceed only with regard to defendant Barbosa Cabinets, Inc. as to all of plaintiff's age discrimination claims under the ADEA, including disparate impact.

4. Retaliation

Under the ADEA and FEHA, plaintiff must first exhaust his administrative remedies prior to bringing a retaliation claim in federal court. See e.g., Santa Maria v. Pacific Bell, 202 F.3d 1170, 1176 (9th Cir. 2000)(ADEA); Romano v. Rockwell Int'l, Inc., 14 Cal. 4th 479, 492 (1996)(FEHA). This requirement is jurisdictional and cannot be waived.

The record here reflects that in his administrative complaint, plaintiff filed a retaliation claim only as to Barbosa Cabinets.[3] Therefore, plaintiff's claims of individual retaliation should be dismissed without leave to amend.

Substantively, defendants contend that plaintiff has failed to state a claim for retaliation.

---

[2] Thus, plaintiff should not include in his third amended complaint a separate claim based on defendants' failure to respond to notices mailed by plaintiff. (See Second Amended Complaint at 4-5.) Plaintiff had a right to put defendants on notice about his claims of discrimination. However, defendants' failure to respond in no way created a separate cause of action.

[3] In his administrative complaint, plaintiff marked the box "retaliation" in addition to age discrimination. Plaintiff is pursuing a retaliation claim under the ADEA in the instant action.

5

To make a prima facie case of retaliation under Title VII or the ADEA, plaintiff must establish (1) that he engaged in a protected activity; (2) that he suffered an adverse employment decision; and (3) that a causal link exists between the protected activity and the employment decision. Lyons v. England, 307 F.3d 1092, 1118 (9th Cir.2002); see also O'Day v. McDonnell Douglas Helicopter Co., 79 F.3d 756, 763 (9th Cir.1996); Leisek v. Brightwood Corp., 278 F.3d 895 (9th Cir.2002). If plaintiff establishes a prima facie case, then the burden shifts to defendants to establish a non-retaliatory reason for the adverse employment decision. Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir.2000). If defendants offer a legitimate, non-retaliatory reason, then the burden shifts to plaintiff to show that the reason is a pretext for retaliation. Id.

Here, plaintiff again blends his claims of age discrimination with his claims of retaliation. He claims he was "effectively fired by retaliation and discrimination." (Second Amended Complaint at 13.) However, plaintiff states he was consistently compared with younger workers and expected to perform production at their levels. He was issued warnings on several occasions (Second Amended Complaint at 2), and each time he protested that he was being subjected to discrimination. Plaintiff has provided copies of his numerous notices to defendant Barbosa that he was being subjected to discrimination. While it is a close case, this court finds that plaintiff has stated a prima facie case for retaliation against defendant Barbosa Cabinets and he should be allowed to re-plead that claim in his third amended complaint. Plaintiff is cautioned, however, that he may not raise retaliation claims against any defendant except Barbosa Cabinets. In addition, he should omit references to case authority and legal argument. Plaintiff need only set forth the facts that support (1) that he engaged in a protected activity; (2) that he suffered an adverse employment decision; and (3) that a causal link exists between the protected activity and an adverse employment action.

/////

/////

5. Defendants' Motion for More Definite Statement

In light of the above findings, the court need not address defendants' motion for more definite statement. This motion will be denied without prejudice.

6. Motion to Strike

In light of the above findings, the court need not address defendants' motion to strike. This motion will be denied without prejudice.

7. Request to Take Judicial Notice

Defendants have asked the court to take judicial notice of a decision issued August 22, 2005, in Whitsitt v. Krohomer, et al., Case No. C 04-2476 PJM (N.D. Cal.).[4] The court has read the opinion of the district court in Whitsitt v. Krohomer and finds the request to take judicial notice is of no particular relevance at this stage of the proceedings.

8. Punitive Damages

Plaintiff is not entitled to punitive damages under the ADEA. However, liquidated damages are available under the ADEA for willful violations of the Act. See 29 U.S.C. § 626(b).

9. Leave to Amend

If the district court approves the above analysis, plaintiff should be allowed to re-plead his retaliation claim by filing a third amended complaint that complies with this court's prior orders filed May 12, 2006 and September 19, 2006.

/////

/////

---

[4] In the Northern District action, plaintiff sued BK Mill and Fixtures, certain individual defendants and a company named Installit. (Id.) The Northern District dismissed plaintiff's claims against individually-named defendants and found that the case could proceed only as to plaintiff's wrongful discharge claims against Installit and BK Mills and Fixtures (id. at 1, 2 and 9), and the ADEA retaliation claim against defendant Korhummel (id. at 2). Ultimately, however, all of plaintiff's claims in the Northern District were dismissed with prejudice by stipulation and order entered on October 11, 2005.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' amended motions to dismiss, filed March 7, 2007 (Docket Nos. 33 and 35) be granted in part.

2. Defendants' March 7, 2007 amended motion to strike (Docket No. 34) be denied without prejudice.

3. Defendants' March 7, 2007 motion for more definite statement (Docket No. 33) be denied without prejudice.

4. Plaintiff's October 11, 2006 second amended complaint be dismissed with leave to amend only the retaliation claim against defendant Barbosa Cabinets, Inc.

6. Within thirty days from the date of service of any order by the district court adopting the instant findings and recommendations, plaintiff be granted thirty days to file a third amended complaint that complies with these findings and recommendations, the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the third amended complaint; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

/////
/////
/////
/////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 13, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

001/whitsitt.mtdD